UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1667 ABC (JCx) | Date | June 24, 2008 |
|---|---|---|---|
| Title | Carolina Davalos, et al. v. County of Los Angeles, et al. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Daphne Alex | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:**   ORDER RE: Plaintiffs' Motion for New Trial (In Chambers)

Pending before the Court is Plaintiff Carolina Davalos and Mehrdad Khorrami ("Plaintiffs'") Motion for New Trial, filed on June 6, 2008. Defendants Ray Walker and Eduardo Labayna opposed on June 16, 2008 and Plaintiffs replied on June 19, 2008. The Court finds this matter appropriate for resolution without oral argument and VACATES the June 30, 2008 hearing date. See Fed. R. Civ. Proc. 78; Local Rule 7-15. After reviewing the submissions of the parties and the case file in this matter, the Court DENIES Plaintiffs' motion.

Federal Rule of Civil Procedure 59 does not specify the grounds on which a new trial may be granted, indicating only that a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law."[1] In ruling on a new trial motion, the Court "ha[s] the right, and indeed the duty, to weigh the evidence as he saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in his conscientious opinion, the verdict is contrary to the clear weight of the evidence, or . . . to prevent, in the sound discretion of the trial judge, a miscarriage of justice." Murphy v. City of Long Beach, 914 F.2d 183, 187 (9th Cir. 1990) (ellipsis in original). The Court may set aside the verdict, "if, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed" by the jury. Landes Constr. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1371-72 (9th Cir. 1987). However, "[d]oubts about the correctness of the verdict are not sufficient grounds for a new trial: the trial court must have a firm conviction that the jury has made a mistake." Id. at 1372. In the end, a new trial is not warranted when there is "substantial evidence that goes both ways" on the contested facts presented at trial. Union Oil Co. of Cal. v. Terrible Herbst, Inc., 331 F.3d 735, 743 (9th Cir. 2003) (reversing grant of new trial because evidence reasonably weighed in both parties' favor).

---

[1] The Court finds that Plaintiffs' motion was timely under the Federal Rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

| Case No. | CV 07-1667 ABC (JCx) | Date | June 24, 2008 |
|---|---|---|---|
| Title | Carolina Davalos, et al. v. County of Los Angeles, et al. | | |

In this case, the jury returned a special verdict on all of Plaintiffs' claims following an eight-day trial in which each party thoroughly presented evidence and argument to support his or her case. As in many 42 U.S.C. § 1983 civil rights cases, the jury's verdict boiled down to which side the jury found credible. As to Plaintiff Davalos's detention and excessive force claims against Defendant Walker, Plaintiff and several of her friends provided substantial testimony to corroborate one version of events, while Defendant Walker and Officer Freiwirth provided substantial evidence to corroborate a contrary version. None of these witnesses appeared inherently incredible and none were seriously impeached on the stand. In rendering a verdict for Defendant Walker on these claims, the jury apparently chose to credit Walker and Freiwirth over Plaintiff Davalos and other witnesses. Substantial evidence supported Defendant Walker's version of events and the Court has no firm conviction that the clear weight of the evidence compels a contrary verdict.

The jury also found in Defendant Walker's favor for Plaintiff Khorrami's false arrest claim. Again, this verdict turned on Defendant Walker's credibility when he testified that he observed objective signs that Plaintiff Khorrami was publicly intoxicated in violation of California Penal Code section 647(f). Plaintiff Khorrami and his friends testified that he was sober at the time. Again, these witnesses were credible and not seriously impeached. There exists "substantial evidence that goes both ways" on this claim, and the Court is not convinced that the clear weight of the evidence compels a contrary verdict.

Moreover, the jury found that Defendant Labayna used excessive force on Plaintiff Khorrami in pepper spraying him, but awarded Plaintiff Khorrami only nominal damages of one dollar and no punitive damages. Although Khorrami testified that he experienced physical discomfort after the incident, he also admitted that, although he was taken to the hospital, he refused medical treatment and did not thereafter seek medical treatment on his own. The jury must have concluded that Defendant Labayna's conduct violated Plaintiff Khorrami's rights, but that violation caused no legal damages. Substantial evidence supports this conclusion and the Court is not convinced that the clear weight of the evidence compels a different conclusion.

Finally, there was conflicting evidence on the egregiousness of Defendant Labayna's conduct. Defendant Labayna testified that he believed Plaintiff Khorrami exhibited signs of aggression while in the holding cell, necessitating the burst of pepper spray. In contrast, Plaintiff Khorrami denied that he exhibited any signs to suggest he was going to attack Defendant Labayna. Again, both witnesses appeared credible. The jury reviewed the surveillance video of the incident, as did the Court, and the video does not conclusively demonstrate that either party is correct. The jury apparently believed that, although Defendant Labayna's use of the pepper spray was excessive, his decision to use it was not malicious, reckless, or in intentional disregard of Plaintiff Khorrami's rights. Substantial evidence supports the jury's verdict and the clear weight of the evidence does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1667 ABC (JCx) | Date | June 24, 2008 |
|---|---|---|---|
| Title | Carolina Davalos, et al. v. County of Los Angeles, et al. | | |

compel a different result.

    Plaintiffs' motion for a new trial is DENIED.

    Defendants filed an application to tax costs with the Court Clerk, previously set for hearing on June 19, 2008. The Court vacated that hearing date pending resolution of the instant motion. The Court ORDERS the Court Clerk to reset the hearing on the application to tax costs at a convenient time.

    Defendants' motion for attorney's fees and costs was filed before this Court on June 9, 2008, set for hearing on July 7, 2008. The Court also vacated that date pending resolution of the instant motion. The Court declines to reset a hearing on this matter. The Court ORDERS Plaintiffs to file any opposition to this application by **Monday, July 7, 2008** and ORDERS Defendants to file any reply by **Monday, July 14, 2008**. The Court will take the matter under submission after that date.

    **IT IS SO ORDERED.**

                                                                                                :

                                           Initials of Preparer                DA